UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HELEN SWARTZ, Individually,

        Plaintiff,

vs.                                                        Case No.: 23-cv-4290

NY 28th STREET LLC, a Delaware Limited
Liability Company,

        Defendant.

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff HELEN SWARTZ, Individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, NY 28th STREET LLC, a Delaware Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. (ADA), and for damages pursuant to N.Y. Exec. Law Section §296, et seq. and New York Civil Rights Law § 40, et seq.

## COUNT I

1.    Defendant's property the Springhill Suites by Marriott New York / Chelsea is located at 140 W 28th St., New York, NY 10001, in the County of New York (hereinafter referred to as "Defendant's property", "subject property" or "Hotel").

2.    Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

3. Pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202. The Court has supplemental jurisdiction over the State Law Claims, pursuant to 28 U.S.C. §1367.

4. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

5. Ms. Swartz has multiple sclerosis, is mobility impaired, and uses an electric scooter to ambulate.

6. Helen Swartz was born and raised in New York and visits New York City an average of five times a year to see shows, eat at facilities, visit family and friends, get her hair cut, and to shop at stores.

7. Her younger daughter lives in Brooklyn and attends The New School on Fifth Avenue, her father lives in Great Neck, her brother lives on the upper West Side and her first cousins reside in New York City. When Ms. Swartz is in New York City her eldest daughter and granddaughter often take the train from Philadelphia to New York to meet her. Ms. Swartz dines out with friends and family every time she is in New York.

8. Helen Swartz visited the subject property on March 3, 2023.

9. During her visit, Plaintiff encountered numerous architectural barriers at the subject property which impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities' facilities and use the restrooms.

10. Ms. Swartz has plans to return to the subject property on November 20, 2023, if the facilities are made fully accessible and the barriers to access have been corrected.

11. Defendant NY 28th STREET LLC owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

12. The place of public accommodation that the Defendant owns, leases, leases to, or operates is the Springhill Suites by Marriott New York Manhattan / Chelsea which is located at 140 W 28th St., New York, NY 10001.

13. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the subject property as described but not necessarily limited to the allegations set forth in this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

14. Helen Swartz has visited the subject property and desires to visit the subject property again in the near future, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the subject property without fear of discrimination.

15. The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. §12182 et seq.

16. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of

$500,000 or less).

17. A preliminary inspection of the subject property has shown that violations exist. The violations that Ms. Swartz has personally observed or encountered, and which have been verified, are set forth in the following paragraphs.

18. The accessible features of the facility are not maintained.

19. Same creates barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

20. The entrance main entrance of the Hotel does not provide the required directional signage to an accessible entrance.

21. Same makes it difficult for the plaintiff to enter the facility, in violation of section 216.6 of the 2010 ADA Standards, whose resolution is readily achievable.

22. The computer work surface in the Hotel's lobby area has a height which exceeds 34 inches above the finish floor and does not provide the required clear floor space for a forward approach with knee and toe clearances.

23. Same makes it difficult for the plaintiff to utilize, in violation of sections 902.2, 902.3 and 306 of the 2010 ADA Standards, whose resolution is readily achievable.

24. There are bench seats in the Hotel's lobby that do not provide clear floor space of 30 inches by 48 inches positioned at the end of the bench seat and parallel to the short axis of the bench.

25. Same makes it difficult for the plaintiff to utilize, in violation of sections 903.2 and 305.2 of the 2010 ADA Standards.

26. The store items in the Hotel's snack shop are located above the maximum reach range allowances.

27. Same makes it difficult for the plaintiff to access them, in violation of section 308.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

28. The Hotel's dining area does not provide at least 5% of compliant seating at the dining surfaces.

29. Same makes it difficult for the plaintiff to utilize the tables, in violation of section 226.1 of the 2010 ADA Standards, whose resolution is readily achievable.

30. The tables in the Hotel's dining area do not provide compliant knee and toe clearance.

31. Same makes it difficult for the plaintiff to utilize the tables, in violation of sections 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

32. There are exercise machines and equipment at the Hotel's fitness center that do not provide the minimum 30 inches by 48 inches of clear floor space.

33. Same makes it difficult for the plaintiff to utilize, in violation of sections 1004.1 and 305.3 of the 2010 ADA Standards.

34. The exercise equipment and trash receptacle in the Hotel's fitness center are obstructing the clear floor space for an approach to the fire extinguisher.

35. Same causes a potential hazard in violation of sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

36. The lavatory in the Hotel's fitness center's women's restroom has exposed drainpipe and water lines.

37. Same causes a potential hazard to disabled individuals in, in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

38. The changing table in the Hotel's fitness center's women's restroom has an

5

operating mechanism that is greater than 48 inches above the finish floor.

39. Same makes it difficult for the plaintiff to access, in violation of section 902.3 in the 2010 ADA Standards, whose resolution is readily achievable.

40. The water closet in the Hotel's fitness center's women's restroom obstructs the required clear floor space for an approach to the toilet seat cover dispenser.

41. Same makes it difficult for the plaintiff to reach, in violation of sections 305.3 and 305.5 of the 2010 ADA Standards, whose resolution is readily achievable.

42. The toilet seat cover dispenser mounted above the water closet in the Hotel's fitness center's women's restroom obstructs the 12 inches of spacing above the rear wall grab bar.

43. Same makes it difficult for the plaintiff to transfer onto the seat, in violation of sections 604.8.1.5, 604.5.2 and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

44. The horizontal grab bar and sanitary disposal bin in the Hotel's fitness center's women's restroom obstruct the required 12 inches of spacing above the side wall grab bar.

45. Same makes it difficult for the plaintiff to transfer onto the seat, in violation of sections 604.8.1.5, 604.5.1 and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

46. The operable mechanism of the sanitary disposal bin in the Hotel's fitness center's women's restroom is greater than 48 inches above the finish floor.

47. Same makes it difficult for the plaintiff to reach, in violation of sections 308.2.1, 308.3.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

48. The Hotel's fitness center's accessible unisex toilet room had a lavatory under which the drainpipe and water lines were not insulated.

49. Same causes a hazard to disabled individuals in violation of section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

50. The trash receptacle in the Hotel's fitness center's accessible unisex restroom is obstructing the water closet's 56 inches of perpendicular clearance from the rear wall.

51. Same makes it difficult for the plaintiff to utilize, in violation of section 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

52. The trash receptacle in the Hotel's fitness center's accessible unisex restroom is obstructing the required clear floor space for an approach to the toilet seat cover dispenser.

53. Same makes it it difficult for the plaintiff to reach, in violation of sections 305.3 and 305.5 of the 2010 ADA Standards, whose resolution is readily achievable.

54. The toilet seat cover dispenser, horizontal grab bar, and sanitary disposal bin in the Hotel's fitness center's accessible unisex restroom obstruct the required minimum 12 inches of spacing above the side wall grab bar.

55. Same makes it difficult for the plaintiff to transfer onto the seat, in violation of sections 604.5.1 and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

56. The sanitary disposal bin in the Hotel's fitness center's accessible unisex restroom exceeds 48 inches in height above the finish floor to the operable mechanism.

57. Same makes it difficult for the plaintiff to reach, in violation of sections 308.2.1, 308.3.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

58. The paper towel dispenser in the Hotel's fitness center's accessible unisex restroom obstructs the required minimum 12 inches of spacing above the rear wall grab bar.

59. Same makes it difficult for the plaintiff to transfer onto the seat, in violation of sections 604.5.2 and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

60. The hand sanitizer dispenser in the Hotel's fitness center's accessible unisex restroom exceeds 48 inches above the finish floor.

61. Same makes it difficult for the plaintiff to utilize, in violation of sections 308.2 and 308.3 of the 2010 ADA Standards, whose resolution is readily achievable.

62. The Hotel does not provide the required amount of compliant accessible guest rooms, and the accessible rooms are not dispersed among the various classes of accommodations.

63. Same is in violation of section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

64. The Hotel does not provide the required amount of compliant accessible guest rooms with roll-in showers, and the accessible rooms with roll-in showers are not dispersed among the various classes of accommodations.

65. Same is in violation of section 224.2 of the 2010 ADA Standards, whose resolution is readily achievable.

66. In the Hotel's accessible guest room 1205, the table and chair obstruct the required clear floor space positioned for a parallel approach to the bed.

67. Same makes it difficult for the plaintiff to transfer onto the bed, in violation of sections 806.2.3 and 305 of the 2010 ADA Standards, whose resolution is readily achievable.

68. The drainpipe in the lavatory of the Hotel's accessible guest room 1205 exposed and in need of insulation.

69. Same is in violation of sections 806.2.4 and 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.

70. In the Hotel's accessible guest room 1205, the lavatory's apron obstructs the lavatory knee clearance.

71. Same makes it difficult for the plaintiff to utilize, in violation of sections 806.2.4, 606.2, 305.4 of the 2010 ADA Standards, whose resolution is readily achievable.

72. In the Hotel's accessible guest room 1205, the storage unit is obstructing the water closet's required 56 inches of perpendicular clearance from the rear wall.

73. Same makes it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

74. In the Hotel's accessible guest room 1205, the flush control is not located on the open side of the water closet.

75. Same makes it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

76. In the Hotel's accessible guest room 1205, the toilet paper dispenser is not located between 7 inches and 9 inches in front of the water closet measured from the centerline of the dispenser.

77. Same makes it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

78. In the Hotel's accessible guest room 1205, there is no rear grab bar for the water closet.

79. Same makes it difficult for the plaintiff to transfer onto the seat, in violation of section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

80. In the Hotel's accessible guest room 1205, there was no side grab bar for the water closet.

81. Same makes it difficult for the plaintiff to transfer onto the seat, in violation of sections 806.2.4 and 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

82. In the Hotel's accessible guest room 1205, the water closet obstructs the required clear floor space for an approach to the towel storage shelf.

83. Same makes it difficult for the plaintiff to reach the shelf, in violation of sections 305.3 and 305.5 in the 2010 ADA Standards, whose resolution is readily achievable.

84. In the Hotel's accessible guest room 1205, the towel storage shelf above the water closet is mounted in excess of 48 inches above the finish floor.

85. Same makes it difficult for the plaintiff to utilize, in violation of sections 806.2.4, 308.2.2 and 308.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

86. In the Hotel's accessible guest room 1205, the storage unit obstructs the 60-inch long clearance adjacent to the open face of the shower compartment.

87. Same makes it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 608.2.2.1 of the 2010 ADA Standards, whose resolution is readily achievable.

88. In the Hotel's accessible guest room 1205, the standard roll-in type shower does not provide a permanent folding seat.

89. Same makes it difficult for the plaintiff to utilize the shower in violation of sections 806.2.4 and 608.4 of the 2010 ADA Standards, whose resolution is readily achievable.

90. In the Hotel's accessible guest room 1205, the standard roll-in type shower does not provide grab bars in the compliant locations when a seat is required.

91. Same makes it difficult for the plaintiff to utilize, in violation of sections 806.2.4 and 608.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

92. In the Hotel's accessible guest room 1205, the floor drain is creating vertical changes in level greater than ¼ inch.

93. Same makes it difficult and unsafe for the plaintiff to utilize in violation of sections

603.2 and 304 of the 2010 ADA Standards, whose resolution is readily achievable.

94. The Americans with Disability Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act. This facility does not meet with all of these Standards, whose remedy is readily achievable.

95. A more detailed report should be completed after an appointment with the property owner or management. There may be other violations of the Americans with Disabilities Act that may be revealed following this inspection.

96. This report and its contents are the work of ADA Compliance Team, Inc. This report should only be duplicated or distributed in its entirety. This report may contain confidential or court protected information; please contact an authorized entity prior to distributing. Conclusions reached and opinions offered in this report are based upon the data and information available to ADA Compliance Team, Inc. at the time of this report, and may be subject to revision as additional information or data becomes available after the date of publication.

97. The Americans with Disability Act of 1990 prohibits discrimination on the basis of disability by public accommodations and commercial facilities to be signed, constructed and altered in compliance with the Accessibility Standards established in the Act. This facility does not meet with all of these Standards, whose remedy is readily achievable.

98. A more detailed report should be completed after an appointment with the property owner or management. There may be other violations of the Americans with Disabilities Act that may be revealed following this inspection.

99. This report and its contents are the work of ADA Compliance Team, Inc. This report should only be duplicated or distributed in its entirety. This report may contain confidential

or court protected information; please contact an authorized entity prior to distributing. Conclusions reached and opinions offered in this report are based upon the data and information available to ADA Compliance Team, Inc. at the time of this report, and may be subject to revision as additional information or data becomes available after the date of publication.

100. The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

101. The discriminatory violations described in the foregoing paragraphs are not an exclusive list of the Defendant's ADA violations.

102. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access, particularly with regard to the accessible guest rooms, if any such exist.

103. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

104. Defendant has discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. ' 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

105. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. ' 12205 and 28 CFR 36.505.

106. Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

107. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

108. Pursuant to 42 U.S.C. §12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject property to make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires

Defendant to maintain its accessible features.

     c.     An award of attorney=s fees, costs and litigation expenses pursuant to 42 U.S.C. §12205.

     d.     Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW YORK CIVIL RIGHTS LAW

109.    Plaintiff realleges all prior obligations as if fully set forth herein.

110.    New York Law provides that it shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation, resort or amusement, because of the race, creed, color, national origin, sexual orientation, military status, sex or *disability* or marital status of any person, directly or indirectly..... [to deny] such person any of the accommodations, advantages, facilities or privileges thereof........N.Y. Exec. Law Section 296(2)(a).

111.    For the purposes of the foregoing paragraph, "discriminatory practice" includes:

     A.     A refusal to make reasonable modification in policies, practices or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodation to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations;

     B.     A refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such a person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden; and

     C.     A refusal to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities......, where such removal is readily achievable......N.Y. Exec. Law Section 296(2)(c).

112. Pursuant to N.Y. Exec. Law Section 297(9), "Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages."

113. Due to Defendant's discrimination and failure to provide accessibility by removing barriers to access at its property as discussed in this Complaint, Plaintiff suffered emotional distress, humiliation, mental anguish and other injuries.

114. A place of public accommodation "shall be deemed to include ... hotels," N.Y. Civ. Rights Law §40.

115. New York law mandates, "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation...." N.Y. Civ. Rights Law §40.

116. Defendant's property is a place of public accommodation as defined in §40.

117. N.Y. Civ. Rights Law §41 states, "Any person who or any agency, bureau, corporation or association shall violate any provisions of sections forty, forty-a, forty-b or forty-two or incite the violation of any said provisions…shall for each and every violation thereof be liable to a penalty of not less than One Hundred Dollars ($100.00) nor more than Five Hundred Dollars ($500.00) to be recovered by the person aggrieved…thereby in any court of competent jurisdiction in the county in which the plaintiff or the Defendants shall reside… also, any person who shall violate any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor."

118. Plaintiff, Ms. Swartz visited Defendant's property and encountered the discriminatory barriers discussed in this Complaint and seeks minimum statutory damages under §41.

119. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described above, Defendant has, directly and/or indirectly, refused, withheld from, and denied to Plaintiff, Swartz, because of her disability, the full enjoyment of its property.

120. Plaintiff, Helen Swartz, has been damaged and will continue to be damaged by this discrimination as more fully set forth above.

**WHEREFORE**, the Plaintiff respectfully requests that this Court award Helen Swartz statutory damages pursuant to N.Y. Civ. Rights Law §41, and compensatory damages pursuant to N.Y. Exec. Law Section 297(9) and award Plaintiff's attorney's fees, costs and expenses incurred prosecuting this action.

Dated:  May 23, 2023	Respectfully submitted,

/s/  Lawrence A. Fuller
Lawrence A. Fuller, Esq.  (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
6000 Island Blvd.
Suite 1107
Aventura, FL 33180
Phone: (305) 793-3760
lawrencefullerfuller@gmail.com

Brandon A. Rotbart (Pro Hac Vice Pending)
LAW OFFICE OF BRANDON A. ROTBART, P.A.
11098 Biscayne Blvd., Suite 401-18
Miami, FL 33161
Phone: (305) 350-7400
rotbart@rotbartlaw.com

*Counsel for Plaintiff Helen Swartz*